Rebecca Cambreleng, OSB No. 133209
rebecca@employmentlaw-nw.com
Ashley A. Marton, OSB No. 171584
ashley@employmentlaw-nw.com
**CRISPIN HANNON MARTON CAMBRELENG, LLC**
1834 SW 58th Avenue, Suite 200
Portland, Oregon 97221
Telephone:  503-293-5770

*Of Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON
Portland Division

| | |
|---|---|
| **ALISON REXRODE,** | Case No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **NEXTREQUEST CO.**, a foreign business corporation, doing business as **OPTIMERE**, doing business as **CIVIC PLUS**, | **JURY TRIAL REQUESTED** |
| Defendant. | |

## NATURE OF THE ACTION

1.

This is an action under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq.

2.

Plaintiff also brings claims for violation of state law claims of discrimination, and retaliation all pursuant to the court's supplemental jurisdiction.

## JURISDICTION AND VENUE

3.

This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331, 1343(a)(3), and 1343(a)(4).

4.

The court has jurisdiction over plaintiff's state law claims set forth in this complaint pursuant to its supplemental jurisdiction to hear related state law claims under 28 U.S.C. § 1367(a). Both the federal and state claims alleged herein arose from a common nucleus of operative fact, the state action is so related to the federal claim that they form part of the same case or controversy, and the actions would ordinarily be expected to be tried in one judicial proceeding.

5.

The allegations described herein are alleged to have been committed in the District of Oregon.

## THE PARTIES

6.

Plaintiff **ALISON REXRODE** ("Plaintiff") at all relevant times was an employee of Defendant. Defendant has discriminated against Plaintiff on the basis of her sex by terminating her

PAGE 2 –COMPLAINT

CRISPIN HANNON MARTON CAMBRELENG, LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

employment based on her pregnancy and retaliated against Plaintiff for filing a complaint with the EEOC. Plaintiff is a resident of Bend, Oregon.

7.

Defendant **NEXTREQUEST CO.** (NextRequest) is a foreign business corporation doing business as **OPTIMERE** and most recently **CIVIC PLUS**, with operations all over the United States. At all material times NextRequest was doing business in the state of Oregon and employed more than 25 people.

**GENERAL ALLEGATIONS**

8.

Plaintiff began working for NextRequest in January 2017 as a Product Marketing Manager.

9.

Plaintiff was promoted to the position of Director of Marketing for NextRequest in 2020.

10.

Around June 2021, NextRequest was bought by Optimere.

11.

Plaintiff was offered a position with Optimere as Director of Customer Marketing.

12.

In her role, she was supervised by Nancy Vodicka. Prior to Ms. Vodicka becoming her manager, Plaintiff was managed by Reed Duecy-Gibbs, her former CEO.

13.

On October 13, 2021, Ms. Vodicka officially became Plaintiff's new manager.

14.

Prior to October 13, Ms. Vodicka and Plaintiff had been working together as leaders of

PAGE 3 –COMPLAINT

their respective brands. They had been working to announce the merger starting in May 2021.

15.

They had also been working together on a companywide branding project since July 2021.

16.

On October 13, Ms. Vodicka and Plaintiff had their first one-on-one meeting.

17.

At that meeting, Ms. Vodicka and Plaintiff had a lengthy discussion, including discussing projects they had been working on and projects moving forward. No issues were raised regarding Plaintiff's job performance or her work product.

18.

Towards the end of the meeting, Plaintiff informed Ms. Vodicka that she would be taking the month of January 2022 off as part of her parental leave. This had already been approved by her previous manager and the company.

19.

Immediately following her notification of the time off for parental leave, Ms. Vodicka engaged in behavior that undermined Plaintiff with both her team and leadership. As Plaintiff and Ms. Vodicka had no prior relationship other than occasional emails leading up to Plaintiff assuming her new role, there was no reason for this behavior other than her disclosure of continued parental leave.

20.

For example, Ms. Vodicka told Plaintiff she was not to go to an on-site event in Durham, NC that was taking place from November 17 – 18, 2021.

CRISPIN HANNON MARTON CAMBRELENG, LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

21.

Initially Plaintiff had been asked if she wanted to fly out in mid-October and she responded "of course". The CEO, Ray Carey, had also mentioned it in one of his and Plaintiff's one-on-one meetings.

22.

A few days later she asked Ms. Vodicka during their meeting if she should book a flight and Ms. Vodicka said she "wasn't essential." Plaintiff understood that to mean that she was not given authorization to attend the event.

23.

On November 17, the day Plaintiff was supposed to be in Durham, she had a virtual one-on-one with Mr. Carey, as Mr. Carey was in Durham with the rest of the team. He asked why she hadn't made the trip to Durham and wasn't in the office. Plaintiff did not want to make a negative comment about her new manager, so she said it was the distance. However, when asked by Mr. Duecy-Gibbs why she hadn't flown out, she told him the truth about being told not to go.

24.

Being excluded from the on-site meeting where she was to meet her new team members in-person as well as the CEO was detrimental to her standing in the company, and to her prospects for advancement in the future. It also undermined her standing with her subordinates.

25.

On November 23, 2021, Plaintiff received her annual evaluation in which she was given the top two marks, each a form of "exceeds expectations", in every category.

26.

Plaintiff was also given her full bonus for the quarter. The bonus was, in part, discretionary

CRISPIN HANNON MARTON CAMBRELENG, LLC
1845 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

and approved by Ms. Vodicka. It was based on Plaintiff meeting certain benchmarks for task completion. Only a small portion was tied to company revenue.

27.

On November 30, Plaintiff was notified by her direct report via Slack that they were no longer going to report to her.

28.

Ms. Vodicka did not give Plaintiff any notice of the change in reporting or business structure prior to implementing it.

29.

On December 19, Plaintiff emailed the Director of HR, Anna Ellison, notifying her that she was pregnant and inquiring what her leave options were for 2022.

30.

December 22 was Plaintiff's last day in office for the next 5 weeks.

31.

On December 28, Plaintiff submitted a Leave of Absence form and work release letter for paid parental leave from February 1, 2022, through April 30, 2022.

32.

On December 30, Plaintiff emailed Ms. Vodicka announcing her pregnancy, leave plan, and next steps. Ms. Vodicka never acknowledged or responded to that email.

33.

On January 7, 2022, Plaintiff's paid parental leave request was denied by Ms. Ellison.

34.

On January 14, Plaintiff sent an email to Ms. Ellison detailing the exclusionary actions she

CRISPIN HANNON MARTON CAMBRELENG, LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

believed her manager, Nancy Vodicka, had made against her since October 13, 2021. She did not receive a substantive response.

35.

On January 19, Ms. Ellison responded to Plaintiff stating FMLA leave would be granted from February 1, 2022, through March 8, 2022. After March 8, 2022, she would need ADA leave approved by Optimere.

36.

Ms. Ellison still did not address the allegations against Ms. Vodicka.

37.

The week of January 24, 2022, Plaintiff sent a written inquiry to the EEOC alleging exclusionary behavior and discrimination by Ms. Vodicka.

38.

On February 2, Ms. Ellison finally responded to Plaintiff about her allegations, stating that she met with Ms. Vodicka to discuss the internal "investigation" the prior week.

39.

On February 8, Plaintiff was given ADA paperwork by Ms. Ellison to be completed by her healthcare provider. The paperwork was completed and sent back to Ms. Ellison.

40.

On February 10, the written inquiry was processed by the EEOC, and notice was sent to Plaintiff and Ms. Ellison.

41.

On February 14, Ms. Ellison requested more information from Plaintiff's medical provider regarding her ADA request.

CRISPIN HANNON MARTON CAMBRELENG, LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

42.

On February 24, after more information was provided by Plaintiff's medical provider, Ms. Ellison requested additional clarification. Ms. Ellison stated that if she could not get clarification from Plaintiff's medical provider, the next step was to ask Plaintiff to "visit an OB/GYN of our choice and cost to have these questions answered."

43.

On March 3, 2022, Plaintiff's medical provider sent the additional clarifying information to Ms. Ellison.

44.

On March 4, Ms. Ellison denied Plaintiff's request for additional leave as an ADA accommodation. She also stated that Plaintiff had exhausted PTO and FMLA leave and if she did not return to work by March 8, 2022, her absence would be addressed through their attendance policy. She also stated that the company would be addressing existing issues they had seen with her performance.

45.

Prior to March 4, there had not been a single mention of any performance problems, and Plaintiff had not been given any write-ups, verbal coaching, or any progressive discipline.

46.

On March 5, the EEOC inquiry filed in early February became a charge. NextRequest/Optimere was notified.

47.

On March 8, Plaintiff returned to work as required. That morning she asked to meet with Ms. Vodicka to discuss communication. She was told Ms. Vodicka was unavailable until the

CRISPIN HANNON MARTON CAMBRELENG, LLC
1845 SW 58th Ave,Suite 200
Portland, Oregon 97221
(503) 293-5770

following day. A 9:00 AM meeting with Ms. Vodicka and Ms. Ellison for March 9, 2022, was subsequently added to Plaintiff's calendar.

48.

At the 9:00 AM meeting on March 9, 2022, Plaintiff was terminated from employment, allegedly due to performance issues starting on October 13, 2021.

## DAMAGES ALLEGATIONS

49.

As a result of the actions alleged herein, plaintiff has and will continue to suffer economic damages. Plaintiff is entitled to recover from defendant such lost wages and benefits of employment and other economic losses in such amount as may be established at trial.

50.

As a further result of defendant's actions alleged herein, plaintiff has suffered and is entitled to recover for her noneconomic damages in an amount found to be appropriate by a jury based on the evidence presented at trial.

51.

Plaintiff is entitled to such equitable and other relief in her favor on such terms as the court may direct.

52.

Plaintiff is entitled to recover her reasonable attorney's fees, reasonable expert witness fees, and other costs of the action to be paid by the defendant pursuant to 42 U.S.C. § 2000e-5(k); ORS 659A.885; and/or ORS 20.107.

//

//

CRISPIN HANNON MARTON CAMBRELENG, LLC
1845 SW 58th Ave, Suite 200
Portland, Oregon 97221
(503) 293-5770

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT

## (42 U.S.C. § 2000e-2(a) – Sex Discrimination; ORS 659A.030)

53.

Plaintiff incorporates paragraphs 1 through 52 as though fully set forth herein.

54.

Plaintiff is a female and identifies as a female.

55.

Defendant discriminated against plaintiff in the terms and conditions of her employment as alleged herein in substantial motivating part due to her sex. Specifically, defendant ostracized Plaintiff when she informed her manager of her maternity leave and terminated Plaintiff after learning of her pregnancy.

56.

Defendant's actions violated 42 U.S.C. §2000e-2(a) and ORS 659A.030 and Plaintiff is entitled to appropriate relief.

## SECOND CLAIM FOR RELIEF

## (Retaliation - ORS 659A.199)

57.

Plaintiff incorporates paragraphs 1 through 52 as though fully set forth herein.

58.

It is an unlawful employment practice for an employer to discharge, demote, suspend or in any manner discriminate or retaliate against an employee with regard to promotion, compensation or other terms, conditions or privileges of employment for the reason that the employee has in good faith reported information that the employee believes is evidence of a

PAGE 10 – COMPLAINT

violation of a state or federal law, rule or regulation.

59.

Plaintiff in good faith made reports and complaints relating to violations as alleged herein which constituted protected conduct under ORS 659A.199. This included her complaints to HR about Ms. Vodicka and filing a charge with the EEOC.

60.

Defendant discriminated against Plaintiff in the terms and conditions of her employment because of such protected conduct in violation of ORS 659A.199.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.      Economic damages against the defendant as alleged herein;

2.      Non-economic damages against the defendant as alleged herein;

3.      Attorney fees and costs as allowed by law, as well as prejudgment and post-judgment interest; and

4.      Any other relief the Court deems just and equitable.

Dated this 14th day of December, 2022.

_/s Rebecca Cambreleng_____
Rebecca Cambreleng, OSB No. 133209
Rebecca@employmentlaw-nw.com
Ashley Marton, OSB No. 171584
Ashley@employmentlaw-nw.com
CRISPIN HANNON MARTON CAMBRELENG, LLC
1834 SW 58th Avenue, Suite 200
Portland, OR 97221
(503) 293-5770